UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ROBERT GREEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case Number  7:11-CV-2354-SLB |
| ) | |
| **CITY OF NORTHPORT; SCOTT** ) | |
| **COLLINS, in his individual capacity and** ) | |
| **his official capacity as City** ) | |
| **Administrator,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on defendant's Motion to Strike Sections of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. (Doc. 27.)[1] Defendants have moved to strike (1) evidence of prior lawsuits and EEOC charges filed by Sharon Crowder, (2) "impertinent comments" about Crowder, (3) evidence of a prior EEOC Charge filed by Johnny Sledge, (4) unsworn statements from Lou Draper and Janis Green, and (5) evidence of a statement made by Tommy Watkins. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, defendant's Motion to Strike Sections of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, (doc. 27), is **GRANTED**.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." *Id.*, Advisory Committee Notes – 2010 Amendments. "A district court has broad discretion in determining the admissibility of evidence" on a motion for summary judgment. *Hetherington v. Wal-Mart, Inc.*, No. 12-13684, 2013 WL 811744, *1 (11th Cir. Mar. 5, 2013)(citing *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1243 (11th Cir. 2009)).

> The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. The burden then shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings.

*Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012)(internal citations, quotations, and footnote omitted). "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

The Supreme Court has held the nonmoving party is not required to "produce evidence in a ***form*** that would be admissible at trial in order to avoid summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)(emphasis added). The Eleventh Circuit has "read this statement as simply allowing ***otherwise admissible*** evidence to be submitted

in *inadmissible form* at the summary judgment stage, though at trial it must be submitted in admissible form." *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996)(citing *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1017 (11th Cir. 1987))(emphasis in *McMillian*). In determining whether evidence is otherwise admissible, the court applies the same rules and standards as it would at trial. *See Munoz v. International Alliance of Theatrical Stage Emp. and Moving Picture Machine Operators*, 563 F.2d 205, 207 n.1 (5th Cir. 1977)("[For] the most part, admissibility of evidence on a motion for summary judgment is subject to the general rules relating to form and admissibility at trial." )(citations omitted).[2]

"The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Macuba v. Deboer*, 193 F.3d 1316, 1322-1325 (11th Cir. 1999)(footnote, internal quotations and citations omitted). However, a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial." *Id*. at 1323 (citations and internal quotations omitted).

> [T]he phrases "reduced to admissible evidence at trial" and "reduced to admissible form" [are used] to explain that the out-of-court statement made to the witness . . . must be admissible at trial for some purpose. For example, the statement might be admissible because it falls within an exception to the hearsay rule, or does not constitute hearsay at all (because it is not offered to prove the truth of the matter asserted), or is used solely for impeachment purposes (and not as substantive evidence).

---

[2]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

*Id*. at 1323-24 (footnotes omitted).

On summary judgment, the court does not consider unsworn statements. *Dudley v. City of Monroeville*, 446 Fed. Appx. 204, 207 (11th Cir. 2011)("Unsworn statements do not meet the requirements of Rule 56, so the district court could not – and properly did not – rely on the content of the citizen's [unsworn] statement). (citing *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n. 27 (11th Cir.2003));[3] *see*, *e.g.*, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970)(unsworn statement did not meet the requirements of former Rule 56(e)); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)(district court did not abuse its discretion in refusing to consider an unsworn affidavit on a motion to alter or amend the judgment (citing *Holloman v. Jacksonville Housing Auth.*, No. 06-10108, 2007 WL 245555, *2 (11th Cir. Jan. 30, 2007) (quoting *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980))); *Oglesby v. Terminal Transport Co., Inc.*, 543 F.2d 1111, 1112 (5th Cir. 1976)(court refused to consider unsworn affidavit in response to a motion for summary judgment).

**1. Crowder's Prior EEOC Charges and Discrimination Lawsuits**

Defendants contend that evidence of Crowder's prior discrimination complaints, including EEOC Charges and lawsuits, should be excluded because "[t]his evidence is too dissimilar and too attenuated in time to be anything more than marginally relevant in this

---

[3] Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

case." (Doc. 27 at 4-5 [quoting *Godwin v. Burkhalter*, No. 2:12cv164, 2013 WL 4544313, *1 (M.D. Ala. Aug. 27, 2013)(internal quotations omitted)].)  Plaintiff contends that this evidence is admissible as showing that Collins did not decide to take action against Green based on his actions toward Crowder until after Green filed his first EEOC Charge. (Doc. 29 at 3.)  However, defendants have not moved to exclude Crowder's complaints made to Collins; rather they seek to exclude "charges of discrimination filed by Assistant Chief Crowder in 1978 and 1994 and a lawsuit filed in 1995." (Doc. 27 at 4; doc. 3 at 2.)

The court finds that Crowder's prior EEOC Charges, filed in 1978 and 1994, and her prior lawsuit, filed in 1995, are not relevant to any disputed issue in the instant action. Therefore, defendants' Motion to Strike evidence of these EEOC Charges and lawsuit is **GRANTED**.  The court will not consider this evidence in deciding the Motion for Summary Judgment.

### 2. Comments Regarding Crowder

Defendants seek to exclude evidence that Crowder was a hoarder and that her office looked like a landfill.  Plaintiff contends that evidence is not "scandalous" and it is relevant to challenge the reasons given by defendants for suspending plaintiff for retaliating against Crowder.  However, during his pre-disciplinary hearing, plaintiff never mentioned that he condition of Crowder's office or her messy tendencies had been a factor in actions taken against her. (*See generally* doc. 19-8 at 51-78.)

The court finds that facts concerning whether Crowder was a "hoarder" and whether her office looked like a "landfill" are not relevant to any disputed issue in the instant action. Therefore, defendants' Motion to Strike evidence of these facts is **GRANTED**. The court will not consider this evidence in deciding the Motion for Summary Judgment.

### 3. Johnny Sledge's EEOC Complaint

Defendants ask the court to strike evidence of an EEOC Charge filed by Johnny Sledge. (Doc. 27 at 6.) They state, "No facts or any text whatsoever is offered by Plaintiff in his Opposition to relate this EEOC charge to the case before this Court, nor does Plaintiff offer any explanation as to how introduction of this charge would impact this case in any way." (*Id*. at 7.) Plaintiff contends that evidence of Sledge's EEOC Charge is "me too" evidence that is relevant to Collins's intent to discriminate. (Doc. 29 at 5-6.)

In the fact section of his Response, plaintiff states:

O.  OTHER COMPLAINTS OF DISCRIMINATION AGAINST COLLINS

Johnny Sledge (PL Ex. 35, Sledge EEOC Charge).

(Doc. 25 at 56.)  The Response contains no further citation to Sledge's EEOC Charge or any argument as to its relevancy.

This court has held:

> The Supreme Court has held that the admissibility of an employer's alleged discriminatory acts not directed specifically at the plaintiff "is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and the theory of the case." *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 388, 128 S. Ct. 1140, 1147 (2008).  "Because Rules 401 and 403 do not make such evidence per se

6

admissible or per se inadmissible," the district court has wide discretion concerning the admission of such evidence. *Id. See also Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261 (11th Cir. 2008).

*Blue v. Dunn Construction*, Case No. 2:09-CV-00864-WMA, doc. 39 at 10 (N.D. Ala. Aug. 16, 2010)(Acker, Senior Judge).  Nevertheless, in this case, plaintiff has merely cited the court to the Sledge EEOC Charge in his Response and made no other effort to argue the charge was relevant.  In opposition to the Motion to Strike, plaintiff argues that "Sledge made a complaint that "he was demoted based on his race by Collins in 2009, the same year plaintiff experienced discrimination by Collins."  (Doc. 29 at 5.)  Even if this argument had been made in plaintiff's brief in opposition to defendant's Motion for Summary Judgment, without more, the court cannot say this evidence would be admissible at trial.[4]

Defendants' Motion to Strike Sledge's EEOC Charge is **GRANTED**.  The court will not consider the EEOC Charge is deciding defendant's Motion for Summary Judgment.

### 4.  Unsworn Statements of Lou Draper and Janis Green

Defendants have moved to strike the unsworn statement of Lou Draper and Janis Green regarding the meeting between plaintiff and defendant Collins on December 16, 2009. Plaintiff contends that the statements are admissible because Lou Draper "authenticated" the statement during her deposition.

---

[4]If the allegations with regard to the facts of the Sledge Complaint are as defendants state in their Reply in Support of their Motion to Strike, (doc. 30 at 5), such evidence would not be admissible at trial.

The court will not consider the unsworn statements.  Therefore, defendants' Motion to Strike is **GRANTED**.  However, to the extent Draper testified, under oath, to the events of that day, the court will consider her testimony in deciding defendants' Motion for Summary Judgment.

### 5. Watkins's Statement to Plaintiff

Plaintiff testified that Tommy Watkins, Collins's former father-in-law, told him that Collins had stated to Watkins that "he was going to get rid of that black son-of-a bitch who drives the BMW."  Defendant has moved to strike this evidence as inadmissible hearsay; plaintiff contends that it is admissible as an admission of a party opponent pursuant to Fed. R. Evid. 801(d)(2).  Rule 801(d)(2) states:

> A statement that meets the following conditions is not hearsay:
>
> . . .
>
> (2)  An Opposing Party's Statement.  The statement is offered against an opposing party and:
>
> > (A)  was made by the party in an individual or representative capacity;
> >
> > . . .
> >
> > (D)  was made by the party's agent or employee on a matter within the scope of that relationship and while it existed . . . .

Fed. R. Evid. 802(d)(2)(A), (D).  Neither party has offered testimony from Watkins or evidence that Watkins will testify at trial.

8

Plaintiff contends that Tommy Watkins, Collins's ex-father-in-law, (doc. 19-7 at 27-28), told him that Collins had said he was going to get rid of that black SOB driving the BMW.  In response to defendant's Motion to Strike, plaintiff contends, "Collins'[s] father-in-law will be called at trial to testify and his statement would be reducible to admissible evidence." (Doc. 29 at 8.)  However, plaintiff has presented no evidence as to why he was unable to present Watkins's sworn testimony in response to defendants' Motion for Summary Judgment.  Plaintiff's testimony as to Watkins's statement and his counsel's statement that Watkins will be called at trial, "without more, cannot transform [Watkins's] hearsay statements into admissible evidence for purposes of summary judgment."  *See North American Clearing, Inc. v. Brokerage Computer Systems, Inc.*, 666 F. Supp. 2d 1299, 1311-12 (M.D. Fla. 2009)(citing *Bush v. Barnett Bank of Pinellas County*, 916 F. Supp. 1244, 1256 (M.D. Fla. 1996))(other citations omitted).

Without some evidence to find that Watkins will testify at trial in conformity with plaintiff's "third-party description" of Watkins's testimony, the court will not consider plaintiff's testimony regarding what Watkins told him.  *See id*.  Therefore, defendants' Motion to Strike evidence of Watkins's statement to Green is **GRANTED**.  The court will not consider this evidence in deciding defendants' Motion for Summary Judgment.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Strike is **GRANTED**. The court notes however, that even if plaintiff's evidence which is the subject of the Motion to Strike was considered, such evidence would be insufficient to establish pretext as to defendant's articulated non-discriminatory and non-retaliatory reasons for its actions at issue in the lawsuit.

**DONE**, this 31st day of March, 2014.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE